UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAGDEEP SINGH,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-01973-DAD-CSK

ORDER GRANTING MOTION FOR
RECONDISERATION IN PART

(Doc. No. 11)

This matter is before the court on petitioner's motion for reconsideration.  (Doc. No. 11.) On April 8, 2026, respondents filed an opposition to that motion and on April 10, 2026, respondents filed a transcript of the underlying immigration court proceedings.  (Doc. Nos. 17, 18.)  For the reasons below, the court will grant petitioner's motion for reconsideration.

**BACKGROUND**

On March 16, 2026, the court ordered that respondents "provide petitioner with a bond hearing where respondents will bear the burden to demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk[.]"  (Doc. No. 9.)  On March 24, 2026, petitioner received a bond hearing before an immigration judge.  (Doc. No. 18-1 at 2.)  At that hearing, the immigration judge denied bond, explaining her reasoning by stating:

/////

1

> I am exercising discretion to not hear witness testimony in this proceeding. I am prepared to make a decision. I have carefully reviewed the documents that were filed for the bond hearing. I have significant concerns regarding flight. I'm not ruling on danger, but again, I have significant concerns regarding flight. I am determining that the Department has met its burden to show, by clear and convincing evidence, that respondent is such a significant flight risk that no amount of release conditions can adequately mitigate that risk, and I am denying bond on that basis.

(Doc. No. 18-1 at 9–10.) The immigration judge subsequently issued a written decision stating:

> In the District Court's minute order, the District Court orders that it is the Department which "bear[s] the burden to demonstrate by clear and convincing evidence that [Respondent] poses a danger to the community or a flight risk" in the present bond proceeding.
>
> Respondent has been detained in Department custody for only several weeks, and the District Court has ordered this Court to conduct a custody redetermination hearing in accordance with INA [§] 236(a). As squarely explained by the Ninth Circuit Court of Appeals in *Rodriguez Diaz*, a respondent seeking bond from an Immigration Judge in a bond proceeding under INA [§] 236(a) must "demonstrate[] by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'" *Id.* (quoting *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)); *see also Flores v. Lynch*, 828 F.3d 898, 909 (9th Cir. 2016) (stating that a respondent seeking custody redetermination under INA [§] 236(a) "bears the burden of establishing 'that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight'"); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (observing that "nothing in [§] 236(a) of the Immigration and Nationality Act] . . . even remotely supports the imposition of" a requirement on the government to "prove by clear and convincing evidence that the alien's continued detention is necessary"). Indeed, as squarely held by the Ninth Circuit in *Rodriguez Diaz*, procedural due process does not, in fact, facially require a bond hearing at which the government bears the burden of proof by "clear and convincing evidence." *Rodriguez Diaz*, 53 F.4th at 1202–03. Thus, given that the District Court TRO requires an INA [§] 236(a) bond hearing, relevant law and precedent make clear that it is Respondent who bears the burden to show he is not a danger or a flight risk.
>
> Nonetheless, given the District Court's minute order, this Court does hereby require the Department in the present bond proceeding to show, by clear and convincing evidence, that Respondent is either a danger or a flight risk. And, this Court concludes that the Department has established by clear and convincing evidence that Respondent is such a significant flight risk that no amount or combination of release conditions can sufficiently mitigate that risk. The Court thus DENIES bond on this basis.

(Doc. No. 11-1 at 1–2.)

2

The immigration judge is mistaken regarding both this court's order and Ninth Circuit precedent.  A reading of the undersigned's March 16, 2026 minute order granting petitioner's motion for a temporary restraining order reveals that the court ordered that respondents provide petitioner a bond hearing pursuant to its reasoning set forth in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), where the court concluded that the petitioners were entitled to due process protections in light of their prior release from immigration detention.[1]  (Doc. No. 9.)  Because this court ordered that a bond hearing was required by the Due Process Clause and not pursuant to statute, the immigration judge's reasoning is inapposite.

To the extent that the immigration judge suggests that due process can never require that a bond hearing be conducted at which the "clear and convincing evidence" standard applies, that suggestions is at odds with binding Ninth Circuit precedent.  *See Singh v. Holder*, 638 F.3d 1196, 1204 (9th Cir. 2011) (finding that the "clear and convincing evidence" standard applied to the appellant's bond hearing because that bond hearing was required by due process in order to protect the petitioner's strong liberty interest in release), *abrogated on other grounds by Jennings*

/////

/////

/////

---

[1]  However, the court's March 16, 2026 minute order inaptly summarized the order in *O.A.C.S.* as concluding that the petitioner in that case was entitled "to the due process available under 8 U.S.C. § 1226(a)."  (*Id.*)  In *O.A.C.S.*, the court instead concluded that the petitioner's prior release provided him a strong liberty interest in his continued release which entitled him to due process protections based on its prior reasoning in *Perez*.  2025 WL 3485221, at *4.  Nevertheless, in light of the petitioner's alleged violations of his supervised release and the persuasive authority of *J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15–16 (E.D. Cal. Oct. 16, 2025), the court ordered that a bond hearing was the appropriate remedy rather than immediate release as the petitioner in *Perez* received.  *O.A.C.S.*, 2025 WL 3485221, at *5.  The court did appropriately summarize the conclusion reached in *Perez* in its March 16, 2026 minute order.  (Doc. No. 9.)  To the extent that the undersigned's summary of the decision in *O.A.C.S.* in the March 16, 2026 minute order caused confusion, the court hereby clarifies that it did not order a bond hearing pursuant to 8 U.S.C. § 1226(a) in that case but instead as required by the Due Process Clause.

3

*v. Rodriguez*, 583 U.S. 281 (2018)[2]; *see also Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) (recognizing that burden shifting to the government may occur in bond hearings ordered pursuant to procedural due process).  Though it is true that the Ninth Circuit has held that due process does not require a "clear and convincing evidence" standard at an initial detention hearing conducted pursuant to § 1226(a), *Rodriguez Diaz*, 53 F.4th at 1212, district courts in the Ninth Circuit have required the clear and convincing evidence standard to be applied at bond hearings following the initial release of an immigration detainee.  For example, one district court has done so, explaining in detail the distinctions between a re-detention hearing and an initial detention hearing conducted pursuant to § 1226(a)) as follows:

> Citing the Ninth Circuit's decision in *Rodriguez Diaz*, the government argues that it should not bear the burden of proof at any bond hearing.  *See* 53 F.4th 1189.  *Rodriguez Diaz* rejected a habeas petitioner's argument that he was entitled to a second bond hearing after a lengthy period of detention because the government had not had the burden of proof at his initial bond hearing pursuant to § 1226(a).  The Ninth Circuit concluded that the Fifth Amendment did not require the government to prove a valid basis for detention by clear and convincing evidence at the initial hearing because, while not imposing such a burden on the government, the statutory framework provided the petitioner with "extensive procedural protections" in other respects, "including several layers of review of the agency's initial custody determination, ... the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  *Id*. at 1210–12.  Notably, however, *Rodriguez Diaz* recognized that even where such statutory protections are available,

[2]  In *Jennings*, the Supreme Court held that 8 U.S.C. §§ 1225, 1226(a), (c) do not create an implied statutory right to periodic bond hearings.  *Jennings*, 583 U.S. at 286.  In *Rodriguez Diaz*, the Ninth Circuit recognized that the Supreme Court had abrogated previous Ninth Circuit opinions which had applied the canon of constitutional avoidance to read requirements for periodic bond hearings into certain immigration detention statutes.  *Rodriguez Diaz*, 53 F.4th at 1200.  Nevertheless, the Ninth Circuit recognized that the "Supreme Court in *Jennings* did not reach the alleged unconstitutionality of immigration detention absent the procedural requirements we had read into the statute, and instead remanded for consideration of the constitutional question in the first instance."  *Id*.  The Ninth Circuit did not address "the potential applicability, if any, of *Singh*'s holding absent that perceived statutory right" and noted that the court, at that time, had "no occasion to decide whether *Singh* remains good law in any respect following *Jennings*."  *Id.* at 1202, 1202 n.4.  In other words, "the Ninth Circuit has not abrogated *Singh*'s constitutional holding, and it still appears binding on this Court."  *De La Garza v. Albarran*, No. 25-cv-10305-HSG, 2025 WL 3707049, at *2 (N.D. Cal. Dec. 22, 2025); *see also Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1321 n.5 (W.D. Wash. 2025)("This Court will (and must) continue to follow the portions of *Singh* that have not been overruled.").

4

> greater protections may be constitutionally necessary in individual cases where the risk of an erroneous deprivation of liberty is particularly high. *See id.* at 1212–13.
>
> *Rodriguez Diaz* addressed circumstances entirely different from those presented here, in which petitioners lack the procedural protections available following a denial of release under § 1226(a) and face a high risk of the erroneous deprivation of physical liberty. As a result, the constitutional principles announced in *Singh*, not those considered in *Rodriguez Diaz*, apply here. Under that precedent, the government must establish a valid basis for petitioners' detention by clear and convincing evidence.

*Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1092 (N.D. Cal. 2025); *see also Jeny M.T.O. v. Semaia*, No. 5:26-cv-02036-AJR, 2026 WL 1250269, at *4 (C.D. Cal. May 1, 2026) (finding that the petitioner was entitled to a pre-deprivation hearing prior to any re-detention after prior release where the government bore the burden of showing danger or flight risk by clear and convincing evidence) (collecting cases); *D. v. Robbins*, No. 1:25-cv-01463-KES-SKO (HC), 2026 WL 84302, at *6 (E.D. Cal. Jan. 12, 2026) (same) (collecting cases); *J.E.H.G. v. Chestnut*, No. 1:25-cv-01673-JLT-SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) (ordering, in the context of a petitioner who was re-detained following multiple ISAP violations, a post-deprivation hearing where the government bore the burden by clear and convincing evidence to comply with the requirements of due process) (citing *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025)); *Geler v. Blanche*, No. 2:26-cv-00481-LK, 2026 WL 1251660, at *7 (W.D. Wash. May 7, 2026) (declining to determine whether § 1226(a) requires the government to always prove danger or flight risk by clear and convincing evidence because procedural due process required the government to bear that burden at a re-detention bond hearing where the petitioner had previously been released pursuant to § 1226(a)); *Hu v. LaRose*, No. 3:26-cv-00946-RBM-SBC, 2026 WL 517974, at *3 (S.D. Cal. Feb. 25, 2026) (enjoining the petitioner's re-detention without a pre-deprivation bond hearing where the government would bear the burden of demonstrating danger or flight risk by clear and convincing evidence where the petitioner was previously released by immigration officials).

/////

/////

5

**LEGAL STANDARD**

A district court has continuing jurisdiction to enforce its injunction. *See Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994). The party seeking to enforce the injunction has the burden of showing by clear and convincing evidence that the enjoined party violated a specific provision of the court's order. *Kia Am., Inc. v. Rally Auto Group, Inc.*, No. 8:22-cv-00109-JVS-JDE, 2022 WL 17185011 at *2 (C.D. Cal. Oct. 20, 2022) (citing *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)). The language of an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed in order to provide sufficient notice to the party being enjoined. *Clark v. Coye*, 60 F.3d 600, 604 (9th Cir. 1995). "[A]ll ambiguities are resolved in favor of the person [or entity] subject to the injunction." *United States v. Holtzman*, 762 F.2d 720, 726 (9th Cir. 1985).

When reviewing an immigration custody determination in habeas proceedings, the district court must apply an abuse of discretion standard. *Martinez*, 124 F.4th at 784 ("When questions require a close review of agency-found facts, like the 'dangerousness' determination [in an immigration custody hearing], we review for an abuse of discretion."). In so doing, the court "cannot reweigh evidence but can only determine whether the [immigration judge] applied the correct legal standard." *Id.* at 785 (cleaned up). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence." *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021), *aff'd sub nom. Quan v. Garland*, No. 21-15416, 2022 WL 576215 (9th Cir. Feb. 25, 2022).

**DISCUSSION**

**A.    Jurisdiction**

Respondents argue that this court lacks jurisdiction to review the immigration judge's bond decision pursuant to 8 U.S.C. § 1226(e). (Doc. No. 17 at 2–3.) "While it is true that [§] 1226(e) prevents a federal court from reviewing an IJ's discretionary bond determination, the Supreme Court, and courts in this district, have noted that [§] 1226(e) does not 'limit habeas jurisdiction over constitutional claims or questions of law.' . . . [C]laims that the bond process was *itself* flawed are cognizable in federal court." *Perez v. Wolf*, 445 F. Supp. 3d 275, 283–84

6

(N.D. Cal. 2020) (emphasis in original) (citing *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017)); *see also Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("It is now clear that a federal district court has habeas jurisdiction under 28 U.S.C. § 2241 to review *Casas-Castrillon* bond hearing determinations for constitutional claims and legal error.") (internal quotation marks omitted); *Bayani v. Larose*, No. 26-cv-00266-JES-VET, 2026 WL 1270059, at *3 (S.D. Cal. May 8, 2026) ("District courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings."). "Of course, a habeas petitioner may not circumvent clear congressional intent to eliminate judicial review over discretionary decisions by 'cloaking an abuse of discretion argument in constitutional garb.'" *Perez*, 445 F. Supp. 3d at 284 (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). Here, the court is reviewing whether the immigration judge properly applied the clear and convincing evidence standard in compliance with this court's order granting petitioner's motion for a temporary restraining order. Therefore, the court rejects respondents' contention that this court lacks jurisdiction to review the March 24, 2026 bond hearing under an abuse of discretion standard. *See S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 836327, at *1 (E.D. Cal. Mar. 26, 2026) (finding that the appropriate scope of review on a motion to enforce a prior injunction ordering a bond hearing before an immigration judge is limited to whether the immigration judge abused his or her discretion by applying the incorrect legal standard).[3]

**B.      Failure to Exhaust**

Respondents also argue that petitioner should be required to exhaust his administrative remedies by appealing his bond decision to the Board of Immigration Appeals ("BIA") prior to obtaining habeas relief in a district court. (Doc. No. 17 at 3.) In this regard, respondents cite to

---

[3] Here, the court limits its review to whether the immigration judge abused her discretion by failing to apply the clear and convincing legal standard. It does not consider petitioner's other arguments regarding: (1) whether petitioner's due process rights were violated by the immigration judge's refusal to hear testimony (Doc. No. 11 at 3–4); (2) whether the immigration judge was required to examine the reliability of the Alternative to Detention alerts before considering them (*id.* at 4–5); or (3) whether the evidence presented by respondents was sufficient to satisfy the clear and convincing evidence standard (*id.* at 5–6). The court does not determine whether any of these arguments are cognizable habeas claims because they are not properly before the court at this time.

the decision in *Leonardo*, 646 F.3d at 1160, in which the Ninth Circuit held that the petitioner's habeas challenge to the outcome of a bond hearing was premature because he had not exhausted his administrative remedies by appealing to the BIA.  (Doc. No. 17 at 3.)

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement."  *Singh*, 638 F.3d at 1203 n.3.  "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).  Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

District courts in the Ninth Circuit have found that a petitioner need not exhaust administrative remedies by appealing a district court-ordered bond hearing to the BIA before pursuing a motion to enforce judgment.  *Sales v. Johnson*, No. 16-cv-01745-EDL, 2017 WL 6855827, at *7 (N.D. Cal. Sept. 20, 2017) (finding that the prudential exhaustion requirement does not apply to a motion to enforce final judgment); *Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *3 (E.D. Cal. Apr. 13, 2026) (finding that the petitioner need not exhaust administrative remedies for the court to determine whether the immigration judge had complied with its prior order).  However, even if prudential exhaustion may be required, the court finds that administrative exhaustion would be futile here because the court need only review the legal questions of whether the appropriate evidentiary burden was imposed by the immigration judge at the bond hearing that this court ordered.  *Perez*, 445 F. Supp. 3d at 286 (finding that the petitioner had demonstrated futility of administrative appeal because the court "need not make factual findings; it need only answer the legal question of whether the IJ applied and the

8

Government met the proper burden of proof at the bond hearing[]"). Accordingly, the court finds that petitioner need not exhaust his administrative remedies before bringing the pending motion.

**C.      Application of the Clear and Convincing Standard**

Petitioner argues that the immigration judge improperly applied the clear and convincing evidence standard in concluding that respondents had satisfied their burden of showing that he posed a significant flight risk. (Doc. No. 11 at 5–6.) Respondents argue that the immigration judge "weighed evidence including Petitioner's nearly 30 ATD violations with the most recent occurring in February and March 2026." (Doc. No. 17 at 5.) Respondents also assert that the immigration judge "considered a variety of factors including the Petitioner's length of residence in the U.S., ties to the United States, work history, and fact that he entered the U.S. illegally[.]" (*Id.*) Respondents concede that "[b]ond hearings are typically reviewed for abuse of discretion." (*Id.* at 5.)

Where a non-citizen is detained pursuant to 8 U.S.C. § 1226(a), the Ninth Circuit has held that an immigration judge should consider the "factors set forth at *Matter of Guerra*, 24 I. & N. Dec. at 40" in determining whether release is appropriate. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008). The Ninth Circuit has since found that immigration judges should consider these factors when conducting a bond hearing required by due process rather than only when the bond hearing is conducted pursuant to § 1226(a). *Martinez*, 124 F.4th at 783 (holding in context of bond hearing ordered pursuant to due process requirements that "[t]o determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors"); *Singh*, 638 F.3d at 1206 (holding that the *Matter of Guerra* factors should be considered where the petitioner was detained pursuant to § 1226(c) and due process required the immigration judge to hold a bond hearing). The nine factors that an immigration judge may consider in making this determination are:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the

offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Guerra*, 24 I. & N. Dec. at 40.

There is no evidence before the court on the pending motion to enforce judgment that the immigration judge considered any evidence, let alone any of the *Guerra* factors. The only reasoning the immigration judge provided as to her finding at the hearing was to state that she had "carefully reviewed the documents that were filed" and had "significant concerns regarding flight." (Doc. No. 18-1 at 9–10.) Although an immigration judge need not discuss each piece of evidence submitted, "where there is any indication that the [immigration court] did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). In the context of motions to reopen, the Ninth Circuit held that "the BIA abuses its discretion when it fails to 'consider and address in its entirety the evidence submitted by a petitioner' and to 'issue a decision that fully explains [its reasoning.]'" *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (quoting *Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir. 2005)). In this same vein, many district courts have recently concluded that an immigration judge abuses their discretion when they deny release on bond without any explanation of their reasoning in doing so. *Restrepo v. Noem*, No. 2:26-cv-01735-AJR, 2026 WL 1047688, at *6 (C.D. Cal. Mar. 23, 2026) (finding that the immigration judge abused their discretion where the order denying bond "fail[ed] to include any indication that the Immigration Judge considered any of the relevant factors in determining that Petitioner posed a flight risk"); *see also Santana v. Marin*, No. 1:26-cv-00915-DJC-JDP, 2026 WL 1179732, at *2 (E.D. Cal. Apr. 30, 2026) ("The IJ's failure to provide any explanation for the bond denial, including addressing the evidence submitted and the factors that the IJ considered, was an abuse of discretion."); *Miri v. Bondi*, No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *9 (C.D. Cal. Mar. 5, 2026) (concluding that the immigration judge abused their discretion when denying bond where the immigration judge "did not explain the reasons for denying Miri's bond"). Likewise, because bond was denied in this case without any explanation of the evidence considered or the reasoning supporting the conclusion that petitioner posed a flight risk, this court

is compelled to find that the immigration judge abused her discretion by failing to properly apply the clear and convincing standard.

Respondents separately argue that the immigration judge applied the legal standard ordered by this court and placed the burden on the government to demonstrate petitioner's risk of flight or danger to the community by clear and convincing evidence based on her recitation of that standard during the hearing. (Doc. No. 17 at 4.) It is true that the immigration judge stated at the hearing that the "Department bears the burden of establishing danger and/or flight by clear and convincing evidence in this bond proceeding[.]" (Doc. No. 18-1 at 3.) The Ninth Circuit has previously found that, when reviewing a bond decision pursuant to a habeas petition, the district court should assume that the BIA applied the standard that it announced in its review of the immigration judge's bond decision. *Martinez*, 124 F.4th at 785 ("Generally, in the absence of any red flags, we take the BIA at its word. . . . [W]e accept that the BIA applied the correct legal standard if the BIA expressly cited and applied the relevant caselaw in rendering its decision.") (cleaned up). In light of absence of authority to the contrary, the court applies that same level of deference in reviewing the instant immigration judge's bond determination which has not been appealed to the BIA. Nevertheless, "[a]n agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision." *Nat. Res. Def. Council, Inc. v. Pritzker*, 828 F.3d 1125, 1135 (9th Cir. 2016). Accordingly, district courts in the Ninth Circuit have found that mere recitation of the correct legal standard is not sufficient to demonstrate compliance with that legal standard. *Calderon-Rodriguez v. Wilcox*, 374 F. Supp. 3d 1024, 1035 (W.D. Wash. 2019) ("Essentially, the Government's position is that the court's only job is to ensure that the immigration courts recite the correct legal standard. The Court finds such a standard of review 'insufficient.'"); *see also Ramos v. Sessions*, 293 F. Supp. 3d 1021, 1030 (N.D. Cal. 2018) ("It seems clear [sic] is that a standard of review which asks only whether the IJ announced the correct legal standard is insufficient."), *vacated and remanded on other grounds by Ramos v. Garland*, No. 18-15884, 2024 WL 933654 (9th Cir. Mar. 1, 2024).

/////

11

As described above, in this case there is a clear "red flag" in that the immigration judge failed to cite any evidence or provide any reasoning for her decision. *Martinez*, 124 F.4th at 785 ("But when there is an indication that something is amiss, like if the BIA misstates the record or fails to mention highly probative or potentially dispositive evidence, we do not credit its use of a catchall phrase to the contrary.") (cleaned up).  The court also finds that another "red flag" is presented by this case as a result of the immigration judge's expression of strong disagreement with this court's prior order setting the appropriate legal standard to be applied at the ordered bond hearing.  That strong disagreement is demonstrated by the following exchange that took place at the bond hearing ordered by this court:

> [Counsel for Government:]  Respondent—with regards to the—I just realized that the—this is a TRO bond.  So, respondent's only been detained for 14 days, but the burden of proof is on the Department.  Is that correct?
>
> [Immigration Judge:]  It is so correct, and *it's so insanely ridiculous and contrary to all law, but here we are, implementing it, nonetheless, because a federal district court is ordering us to*.  So, that is the burden I will be using.

(Doc. No. 18-1 at 6) (emphasis added)  As noted above, the immigration judge's written decision did not include any citation to evidence or reasoning to support the denial of bond but did include a lengthy aside about the immigration judge's personal views on what binding Ninth Circuit precedent requires, contrary to the analysis contained in this court's prior orders in *Perez* and *O.A.C.S.*, as well as the vast majority of other district courts in the Ninth Circuit as detailed above.  (Doc. No. 11-1 at 1–2.)  The district court's order in *Sales v. Johnson*, No. 16-cv-01745-EDL, 2017 WL 6855827 (N.D. Cal. Sept. 20, 2017) is instructive.  There, the district court found as follows:

> At the hearing on June 23, 2017, the IJ purported to apply the correct standard of clear and convincing evidence, reading from the model Federal Jury Instructions and the 9th Circuit Jury Instruction 1.4.  The IJ did so only after stating that he could not implement this Court's April 27 Order that the evidence the IJ had already reviewed [sic] one did not meet the clear and convincing standard because in the IJ's view only the BIA could do so.  He further clearly expressed his disagreement with this Court's April 27 Order, stating that this Court had acted contrary to law in determining that the evidence fell short of clear and convincing:

12

> "To the extent the Magistrate's Order should be read to mean that the evidence does not show or has not shown the clear and convincing standard that the respondent was a risk of non-appearance such that he should be [sic] detain, I believed that has to be addressed to the BIA, not me, as I cannot, in effect overrule the BIA's determination."
>
> "If we—the Magistrate has signed that, in her view, as if she were reading—de novo and making own determination regarding clear and convincing evidence that finding by the Magistrate is contrary to law.  Congress specifically [sic] too away jurisdiction from the Magistrate to make that determination."
>
> The IJ then doubled down by stating that Petitioner's length of detention increased his risk of flight, despite controlling Ninth Circuit authority that the longer a non-citizen is detained, the more robust the procedural protections should be.  The IJ then found that based on the same evidence as before which this Court had held did not meet the clear and convincing standard that "it is highly probable that given the opportunity [Petitioner] will abscond." . . . This brief and conclusory treatment of the evidence that Petitioner is a flight risk at the June 23, 2017 hearing does not actually, or correctly, apply the clear and convincing standard.

*Id.* at *6 (internal citations omitted).  Similarly, the court finds here that, in light of the entirely conclusory treatment of the evidence reflected in the immigration judge's order and the immigration judge's repeated statement of disagreement with this court's order, the immigration judge paid mere "lip service" to this court's order by reciting the appropriate legal standard but not actually applying that standard.

**D.      Remedy**

Petitioner argues that, because he was not provided with a constitutionally adequate bond hearing, the appropriate relief is immediate release.  (Doc. No. 11 at 7–8.)  As this court has previously explained, "it is not clear to the court that the court may order petitioner's release when ruling on petitioner's motion to enforce the court's preliminary injunction which ordered a bond hearing.  When deciding a motion to enforce the court's prior order, the court's review concerns whether the Government complied with the Court's Order and provided Petitioner with a bond hearing where the government bore the burden of proof." *S.E. v. Noem*, 2026 WL 836237, at *2 (internal quotation marks omitted).  Accordingly, construing petitioner's motion as one seeking to enforce this court's prior order, the proper remedy is to order a new bond hearing.

/////

13

Petitioner argues, without citation to authority, that the court should reconsider its prior order granting a preliminary injunction in this action (Doc. No. 9) and order his immediate release. (Doc. No. 11 at 8.) The court construes this as a request that the court reconsider its March 16, 2026 order pursuant to Federal Rule of Civil Procedure 60 which "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (cleaned up) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Petitioner's pending motion fails to identify any particular basis pursuant to Rule 60 under which this court should reconsider its prior order granting a preliminary injunction (Doc. No. 9.) Accordingly, the court will deny petitioner's request for reconsideration and for an order requiring his immediate release, but will grant petitioner's request for enforcement of this court's March 16, 2026 order.

**CONCLUSION**

For the reasons above,

1.     Petitioner's motion for reconsideration (Doc. No. 11) is GRANTED IN PART as follows:

      a.     Within ten (10) days of the date of entry of this order, respondents shall afford petitioner Jagdeep Singh a new, constitutionally adequate bond hearing before an immigration judge who will note the specific evidence

14

considered and explain the reasoning supporting the order entered.

Respondents will bear the burden of establishing at that bond hearing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight;

    b.    Petitioner's motion is otherwise DENIED; and

2.    This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   __May 12, 2026__       _____

                           DALE A. DROZD
                           UNITED STATES DISTRICT JUDGE

15